# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

DAVID LOUIS WHITEHEAD                    CIVIL ACTION NO. 10-1120

VERSUS                                   JUDGE ELIZABETH ERNY FOOTE

FEDEX OFFICE INC.                        MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before this Court is a Motion to Dismiss or, in the Alternative, Transfer [Record Document 4] filed on behalf of the Defendants, FedEx Office, Inc. and Charles A. Jackson.  Defendants move for dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(3), or, in the alternative, transfer this action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of Columbia.  Defendants allege venue is improper in the Western District of Louisiana, as the alleged events that give rise to this lawsuit took place in the District of Columbia, all witnesses and evidence are located in or near the District of Columbia, and defendants Charles A. Jackson and the Law Office of Semmes, Bowen & Simmes, LLP are not subject to the personal jurisdiction of this Court.  For the reasons stated herein, Defendants' motion shall be **GRANTED**, and this action shall be **DISMISSED WITHOUT PREJUDICE**.

## FACTUAL BACKGROUND

On May 20, 2010, Plaintiff David Louis Whitehead ("Plaintiff") filed a "Complaint for Damages for Personal Injury and Other Related Claims" in the Twenty-Sixth Judicial District Court for the Parish of Bossier, State of Louisiana, against Defendants FedEx Office, Inc. ("FedEx"), Charles A. Jackson ("Jackson"), and the "Unnamed Co-

Conspirator the Law Office of Semmes, Bowen & Simmes, LLP" ("the Law Office"). [Record Document 1, Exhibit 1].  Plaintiff alleges he was assaulted by Jackson, an employee of FedEx, while he was a customer at a FedEx store in the District of Columbia and that he suffered permanent injury to his neck, shoulder, and upper back. Plaintiff also alleges FedEx destroyed the store's tape of the incident and that FedEx and the Law Office conspired to deny Plaintiff the right to ascertain information about the tape.  Plaintiff asserts claims against the Defendants for assault and battery, obstruction of justice, and negligence, and seeks $1.25 million in damages.  Id.

On July 9, 2010, Defendants removed the action to this Court asserting jurisdiction under 28 U.S.C. § 1332.  [Record Document 1].  Thereafter, Defendants filed the instant motion seeking to dismiss this action in its entirety.  [Record Document 4].  Plaintiff subsequently retained counsel and was granted an extension until September 28, 2010 to file a response to Defendants' motion.  See Record Documents 11, 22, 23.  On September 28, 2010, counsel for Plaintiff filed a brief response to Defendants' motion [Record Document 37] in addition to a Motion to Remand [Record Document 35] and an Alternative Motion to Transfer Case [Record Document 36]. Each of these documents were marked deficient by the Clerk of Court and a Notice of Deficiency was issued to Plaintiff's counsel on September 29, 2010.  [Record Document 38].  Plaintiff's counsel failed to timely correct these deficiencies; therefore, Plaintiff's motions are not properly before this Court.[1]  Nevertheless, in an abundance of caution,

---

[1]On September 29, 2010, a Notice of Deficiency was issued allowing Plaintiff ten (10) days to file corrective documents.  See Record Document 38.  The Corrective

the Court will consider the substance of Plaintiff's opposition [Record Document 37] in

determining whether Defendants' motion should be granted.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(3) states that a party may move the court

to dismiss the action for "improper venue."  Once a defendant challenges venue by

filing such motion, the burden is on the plaintiff to show that the district he has chosen

is a proper one.  Clarendon Nat. Ins. Co. v. T.M.I. Enterprises, LLC, 2008 WL 3838025,

*2 (W.D.La. Aug. 14, 2008).  In the absence of an evidentiary hearing, a plaintiff may

carry this burden by pleadings fact that, if taken as true, establish proper venue.

Vaughn Med. Equip. Repair Serv., L.L.C. v. Jordan Reses Supply Co., 2010 WL 3488244,

*4 (E.D.La. Aug. 26, 2010).  Thus, in considering a motion to dismiss for improper

venue, the court must accept all allegations in the complaint as true, and resolve all

factual conflicts in favor of the plaintiff.  Braspetro Oil Serv. Co. v. Modec (USA), Inc.,

240 Fed.Appx. 612, 615 (5th Cir. 2007); McCaskey v. Continental Airlines, Inc., 133

F.Supp.2d 514, 523 (S.D.Tex. 2001).

In a case such as this one, where the Court's subject matter jurisdiction is based

solely upon diversity of citizenship, 28 U.S.C. § 1391(a) provides that venue is proper

in:

> (1) a judicial district where any defendant resides, if all defendants reside
> in the same State,

---

Documents filed by Plaintiff on October 14, 2010 [Record Document 41] were not filed
within the requisite time period and, therefore, cannot be placed on the docket for the
Court's consideration without leave of court.

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

(3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

1.      Section 1391(a)(1) - Residential Venue

Plaintiff asserts venue is proper in this Court "due to the fact that both the Plaintiff and Defendants named in this complaint reside in Bossier Parish, Louisiana." [Record Document 1, Exhibit 1 ¶ 1].  Even assuming *arguendo* for purposes of this motion that Plaintiff has pled facts sufficient to establish FedEx is a "resident" of the State of Louisiana,[2] Plaintiff's own allegations indicate that neither Jackson nor the Law Office are residents of Louisiana.  See Id. at ¶¶ 3-4 (Plaintiff alleges Jackson is located in the District of Columbia and that the Law Office is Located in Virginia).  Because § 1391(a)(1) requires *all* defendants reside in the *same state*, this provision cannot be used to establish venue in this Court.

2.      Section 1391(a)(2) - Transactional Venue

Plaintiff admits in the first paragraph of his Complaint that "[t]he incident and other related acts occurred in the Northwest section of the Nation's Capitol, the District of Columbia and State of Virginia."  [Record Document 1, Exhibit 1].  Thus, by Plaintiff's own admission, transactional venue can only be established in either the District of

---

[2] 28 U.S.C. § 1391(c) provides that a corporation "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."

Columbia or the State of Virginia.  See also Record Document 37 (wherein Plaintiff concedes that "[t]he alleged tort did take place in the District of Columbia and some of the medical treatment was rendered in the District of Columbia.").

    3.    Section 1391(a)(3) - Fallback Venue

When a plaintiff cannot establish venue under either (a)(1) or (a)(2), the plaintiff may bring suit in any "judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced."  28 U.S.C. § 1391(a)(3).  This provision is likewise inapplicable because, as the Court has already found, and the Plaintiff concedes, venue can be established under (a)(2) in the District of Columbia, the district in which a substantial portion of the acts or omissions giving rise to Plaintiff's claims occurred.  Consequently, Plaintiff is not entitled to rely on the "fallback venue" provision of § 1391(a)(3) to establish venue in any district.  See e.g., Timber Source, LLC v. Cahaba Valley Timber Co., Inc., 2007 WL 891883, *6 (E.D.La. Mar. 21, 2007) (finding § 1391(a)(1) inapplicable because the action could have been brought in a judicial district in Alabama under § 1391(a)(2)); Smith v. Fortenberry, 903 F.Supp. 1018, 1021 (E.D.La. 1995) (finding § 1391(a)(3) inapplicable where a substantial part of the events giving rise to plaintiff's claim occurred in the Southern District of Mississippi).

Plaintiff argues his case should nevertheless be heard in Louisiana based on the "doctrine of forum non conveniens."[3]  See Record Document 27.  The doctrine of forum

---

    [3]In his Complaint, "Plaintiff argues Forum of Non-convenience [sic] to hear the matter in this district."  [Record Document 1, Exhibit 1 ¶ 1].

non conveniens enables a court to dismiss an action in its entirety if the moving party establishes that the convenience of the parties and the interests of justice favor trial in another forum. Karim v. Finch Shipping Co., Ltd., 265 F.3d 258, 268 (5th Cir. 2001) (citing Quakenbush v. Allstate Ins. Co., 517 U.S. 706, 722, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996)). Plaintiff also argues this case should be heard in Louisiana because "the District of Columbia and surrounding area is not a David Louis Whitehead friendly area and it is of almost certain that he cannot obtain a fair trial in that legal arena." [Record Document 37]. Plaintiff cites to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[4] Neither the doctrine of forum non conveniens nor § 1404(a) support Plaintiff's argument. First, the doctrine of forum non conveniens is simply irrelevant to the instant matter as Plaintiff is trying to *defeat* dismissal of his claims. Second, § 1404(a) allows a district court to transfer an action to another district "where it might have been brought." The Court is perplexed by Plaintiff's argument because, while §

---

[4]In determining whether transfer is appropriate under § 1404(a), the private concerns to be considered are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." In re Volkswagen of America, Inc., 545 F.3d 304, 315 (5th Cir. 2008). The public concerns are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws." Id.

1404(a) may permit the Court to transfer this action to the District of Columbia, Plaintiff is arguing *against* transfer.  See Record Document 37.

Furthermore, in considering the relevant factors under § 1404(a), it is apparent that this action should <u>not</u> be tried in this District—defendants Jackson and the Law Office have no connection to this venue and are not subject to personal jurisdiction in this Court; all events giving rise to this action took place in the District of Columbia or the surrounding area; and all witnesses to the alleged incident reside in the District of Columbia or the surrounding area.  <u>See</u> Record Document 1, Exhibit 1.  Apart from visits to one of three medical providers from whom Plaintiff has allegedly sought treatment as a result of his injuries, the only connection of this action to the State of Louisiana is the fact that Plaintiff is currently a resident in the state.  Ordinarily the plaintiff's choice of forum is entitled to great deference, <u>see</u> <u>Peteet v. Dow Chem. Co.</u>, 868 F.2d 1428, 1436 (5th Cir. 1989), but the Court refuses to respect those choices that appear to be blatant attempts at forum shopping with little or no factual justification.  <u>See</u> <u>e.g.</u>, <u>Dupre v. Spannier Marine Corp.</u>, 810 F.Supp. 823, 828 (S.D.Tex. 1993).

As a final matter, the Court recognizes that Plaintiff has a history of filing frivolous complaints and is in fact enjoined from filing suit in a court of proper venue. <u>See</u> <u>Whitehead v. Paramount Pictures Corp.</u>, 2009 WL 1491402 (E.D.Va. May 26, 2009) (enjoining Plaintiff from filing any new civil actions in the Eastern District of Virginia without first seeking and obtaining leave of court); <u>Whitehead v. Viacom</u>, 233

F.Supp.2d 715 (D.Md. 2002) (finding Plaintiff "is clearly a vexatious litigant" with

"blatant disregard for this court and the judicial system as a whole"); Whitehead v.

Paramount Pictures Corp., 145 F.Supp.2d 3 (D.D.C. 2001) (ordering Plaintiff seek leave

of Court before any filing of his be accepted by the Clerk of Court after finding he "has

no regard for our judicial system or the drain on its resources caused by his actions");

Whitehead v. Wickham, 2005 WL 2874975 (D.C.Super., Sept. 6, 2005) (enjoining

Plaintiff from filing any new cases without leave of court after recognizing his "long

history of filing vexation, harassing, and duplicative lawsuits in the District and

throughout the country.").  Plaintiff is cautioned that sanctions may ensue if he files

further frivolous pleadings in this action.

### CONCLUSION

Plaintiff has failed to establish this Court is a court of proper venue.  Accordingly,

Defendants' motion to dismiss for improper venue pursuant to Rule 12(b)(3) shall be

**GRANTED**, and all claims shall be **DISMISSED WITHOUT PREJUDICE** to Plaintiff

re-filing such claims in the proper forum**.**

An Order consistent with this memorandum ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 18th day of

October, 2010.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE